### BACON v. NEW HOME SEWING-MACH. CO.

(*Supreme Court, General Term, First Department.* February 13, 1891.)

1. MASTER AND SERVANT—WRONGFUL DISCHARGE—TENDER OF SERVICES.
   Plaintiff, against his protest, was discharged, in December, from defendant's service, upon the ground that there was nothing for him to do, and was paid up to January 1st. His contract was for employment until April 1st. It was also stated to him that if anything was found for him to do it should be given him. *Held*, that a tender by plaintiff of his services on January 1st was unnecessary to hold defendant for the balance of the term.

2. SAME—CONTRACT OF HIRING.
   Where one is employed at a yearly compensation for one year, and at its termination continues in the same employment without any new agreement, the hiring is for one year at the same compensation.

Appeal from circuit court, New York county.

Action by George E. Bacon against the New Home Sewing-Machine Company. There was a verdict for plaintiff, and from the judgment entered thereon in his favor the defendant appeals.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT JJ.

*Royal S. Crane,* for appellant.    *Henry S. Bennett,* for respondent.

VAN BRUNT, P. J.    This action was brought to recover damages for an alleged unlawful discharge of the plaintiff by the defendant before the termination of the contract of employment. The evidence showed that the plaintiff had been employed by the defendant for a year from April 29, 1884, at a yearly compensation, and that upon the termination of this year of employment he continued in the employ of the defendant without any new or express agreement being entered into. In December, 1885, he was discharged by the defendant upon the ground that the defendant had nothing further for him to do, and the statement was made at the time of the discharge by one of the officers of the company, sworn to by the plaintiff, and not contradicted by the defendant, that if it found it required his services it would gladly give him work. At the time of the discharge plaintiff claimed that his term of employment did not expire until April 28th following. Testimony was offered showing that defendant's place of business was in Massachusetts, and that the law of Massachusetts was that where there was no express written or oral stipulation, which fixed the time for the employment, that element of the contract depended upon the understanding and intent of the parties, which could be ascertained only by inference from their written and oral negotiations, the usages of the business, the situation of the parties, the nature of the employment, and all the circumstances of the case, and that this inference was to be drawn only by the jury; in other words, that the jury were to determine what was the contract existing between the parties at the time

of the employment. The case having been submitted to the jury, a verdict was rendered in favor of the plaintiff, and from the judgment thereupon entered, and from an order denying a motion for a new trial, this appeal is taken.

It is claimed upon the part of the defendant that, the plaintiff having been paid up to the 1st of January, 1886, for a time longer than he was rendering service, it was his duty immediately thereafter to tender his services, or do an equivalent act. Under the circumstances of this case, we do not think that this was at all necessary. The plaintiff was absolutely discharged by the defendant upon the ground that it had nothing for him to do. It was also stated to him that if it found anything for him to do it would gladly give it to him to do. The defendant had taken its position that it had a right to discharge the plaintiff, one of its officers stating that the plaintiff ought to think himself well off that he was paid for the time he actually spent in the employ of the defendant. The plaintiff protested, and insisted that his employment extended to April following. This was denied, and he was told to go. Under these circumstances, there does not seem to have been any necessity for his making a retender of his services. It would have been going through an idle ceremony, and it was rather his duty to seek other employment in order that he might lessen the damages which the defendant might be called upon to pay for the breach of the contract if it was found to be a yearly contract. It is also urged that the contract in question was a Massachusetts contract, and is to be governed by the Massachusetts law, and that the laws of Massachusetts and of this state are different in reference to the continuation of a contract where its original term had expired. We have examined with care the case to which attention has been called, and we can find no foundation for the position which the defendant takes in reference thereto. As we understand, that decision is founded upon the fact that there was no employment for a year at any time, neither for the first year nor the second, but, upon the contrary, the jury might find from the circumstances of the case that the first employment was a quarterly employment, with a right to discharge at the end of any quarter, and that was all that was determined in regard to the second year's employment. In the case at bar the evidence is explicit that the first employment was for a year, and that this employment was continued without any new or additional contract except such as was implied from the continuation of such yearly employment. The case cited from Massachusetts (*Tatterson* v. *Manufacturing Co.*, 106 Mass. 56) in no way conflicts with the law as it has been established by the courts of this state. We have examined the exceptions which have been referred to in the points of the appellant's counsel, and find none which require any serious consideration. We think, upon the whole case, that the judgment was right, and that the judgment and order appealed from should be affirmed, with costs. All concur.